# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>    Plaintiff,<br><br>v.<br><br>CORCORAN STATE PRISON, et al.,<br><br>    Defendants. | **Case No. 1:13-cv-01736-AWI-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**AMENDED PLEADING DUE IN THIRTY DAYS** |

Zane Hubbard, a state prisoner incarcerated at Corcoran State Prison (CSP), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court for screening is Plaintiff's complaint filed October 23, 2013. For the reasons set forth below, the Court finds the complaint fails to state a cognizable claim and ORDERS it DISMISSED with leave to amend.

**I.**     **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

1

immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff complains that, based upon "evidence that is not proof", he has been validated as a gang associate and as a result confined in segregated housing and

1  subjected to interrogation. (ECF No. 1 at § IV.) Officials have denied him the right to
2  administrative appeal by using "irrelevant excuses and continuing to ignore every issue
3  [he] raises." (Id.)

He names Defendants Corcoran State Prison (Corcoran), Wasco State Prison (Wasco), and the California Department of Corrections and Rehabilitation (CDCR), and claims they have violated his rights under federal law and state prison regulations.

He seeks expungement of the erroneous gang validation and monetary damages.

### IV. THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

#### A. Defendants Corcoran, Wasco, and CDCR Not Amenable to Suit

The only Defendants named are the CDCR and two of its prisons, Corcoran and Wasco. The Eleventh Amendment prohibits suits against state agencies. See Natural Res. Def. Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996). Corcoran and Wasco are facilities of the CDCR, a state agency. All are entitled to Eleventh Amendment immunity. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Thus, Plaintiff's claims against the CDCR, Corcoran and Wasco are not cognizable under § 1983. Plaintiff may not name these entities as Defendants in any amended pleading.

If Plaintiff chooses to amend, he must name individual defendants and set forth sufficient facts showing that each personally took some action that violated Plaintiff's constitutional rights. Plaintiff must "set forth specific facts as to each individual defendant's" deprivation of protected rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). The mere fact defendants may have supervised the individuals responsible for a violation is not enough. Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

### B. **Unrelated Claims Belong in Separate Suit**

Plaintiff appears to allege violations at both Corcoran and Wasco. He does not include facts demonstrating how these alleged violations might be related, if at all.

Federal Rule of Civil Procedure 18(a) states that "[a] party asserting a claim, counterclaim, cross claim, or third-party claim may join, as independent or as alternative claims, as many claims as it has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Additionally, Federal Rule of Civil Procedure 20(a)(2) requires that the right to relief arise out of common events and contain common questions of law or fact. There are no facts suggesting how the conduct at Corcoran is related to what allegedly took place at Wasco.

The fact that claims are premised on the same type of constitutional violation against multiple defendants does not make them factually related. Claims are related when they are based on the same precipitating event or on a series of related events caused by the same precipitating event. Unrelated claims involving multiple defendants belong in different suits. See George, 507 F.3d at 607.

The Court will grant Plaintiff an opportunity to amend. To state a cognizable claim, Plaintiff must plead facts demonstrating how his claims are related or he must file a separate complaint for each unrelated claim against different defendants. If Plaintiff files an amended complaint that does not comply with Rules 18(a) and 20(a) (2), all unrelated claims and defendants will be subject to dismissal.

4

### C. Classification as Gang Associate, Segregation and Interrogation

Plaintiff complains he was wrongly classified as a gang associate resulting in segregated housing and interrogations.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).

#### 1. Liberty Interest

The Due Process Clause itself does not confer on inmates a liberty interest in a particular classification status. See Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976). The existence of a liberty interest created by state law is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

Plaintiff has not adequately alleged that his classification as a Mexican Mafia associate and resulting segregation and interrogation subjected him to conditions constituting an "atypical and significant" hardship. The complaint alleges segregated housing and interrogation by unnamed officials. Nothing in the complaint suggests the circumstances, conditions, methods, and duration of hardship thereof, or that it is an atypical and significant hardship relative to Plaintiff's sentence and prison life.

#### 2. Procedural Due Process

The validation of gang associates is an administrative measure rather than a disciplinary measure, and as a result, prisoners are entitled only to the minimal procedural protections of adequate notice, an opportunity to be heard, and periodic review. Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003). In addition to those minimal

protections, there must be some evidence with an indicia of reliability supporting the decision. Bruce, 351 F.3d at 1287; Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).

Even if confinement in segregation and gang interview(s) were such as to implicate a liberty interest, Plaintiff has not alleged any facts demonstrating that he was denied the above procedural due process protections. Indeed, the documentation attached to his complaint suggests Plaintiff was afforded validation process due under Title 15 as well as annual segregated housing status review.[1]

"There must be 'some evidence in the record' to support the decision to segregate the inmate," and this evidence "must have 'some indicia of reliability.' " Superintendent v. Hill, 472 U.S. 445, 454 (1985). Plaintiff effectively concedes that there was some evidence of his gang association; he merely argues that the evidence was not strong enough to constitute "proof" of such association.

Finally, the complaint fails to identify any individual defendants participating in the alleged mis-classification.

In summary, Plaintiff fails to demonstrate the existence of a liberty interest or link a denial of procedural due process to one or more individually named defendants. Plaintiff will be given leave to amend to clarify his due process claim if he wishes to assert one. Any such amendment must identify the protected liberty interest(s) at stake and identify procedural due process protections he was deprived of in relation to the validation process and by whom.

### D. Due Process - Administrative Appeal

Plaintiff complains he was denied the right to appeal his classification as a gang associate. The various prison (602) appeals attached to the complaint suggest Plaintiff is here referring to frustration with the prison appeal process.

Plaintiff may not assert a constitutional violation based solely on such a claim. Prison staff actions in responding to Plaintiff's prison appeal and grievance alone can

---

[1] See Cal. Code Regs. tit. 15 § 3378.

6

not give rise to any claim for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (D.C. Ill. 1982). A prisoner does not have a claim of entitlement to a grievance procedure. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Ramirez v. Galarza, 334 F.3d 850, 860 (9th Cir. 2003).

Plaintiff may not state a due process claim arising solely from processing and denial of administrative appeals. Leave to amend such a claim is futile and denied on that basis.

### E. Title 15

Plaintiff claims the above actions violated Title 15 §§ 3378.3 (transitional housing for disassociated gang members) and 3413 (incompatible activity by CDCR employees).

The existence of Title 15 regulations governing the conduct of prison officials does not necessarily entitle an inmate to sue civilly for their violation. The Court has found no authority to support a finding of an implied private right of action under Title 15, and Plaintiff has provided none. Several district court decisions hold that there is no such right. See e.g., Vasquez v. Tate, 2012 WL 6738167, at *9 (E.D. Cal. December 28, 2012); Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D. Cal. 2012).

Plaintiff cites to various Title 15 violations. However, no § 1983 claim arises for such violations even if they occurred. See Chappell v. Perrez, 2011 WL 2296816, *2 (E.D. Cal. June 8, 2011); Lamon v. Cate, 2011 WL 773046, *9 (E.D. Cal. February 28, 2011).

Plaintiff may not include a due process claim for violation of prison regulations set out in Title 15 in any amended pleading.

### F. No Injunctive Relief

Plaintiff seeks an order expunging his erroneous gang classification.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy,

never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury).

Plaintiff fails to state any cognizable federal claim. He identifies no hardship he might suffer absent injunctive relief. Nothing before the Court suggests a need for and entitlement to injunctive relief.

If Plaintiff chooses to amend, he must provide facts showing a meritorious federal claim, actual injury, and that he needs and is entitled to injunctive relief under the above standard.

## V.  **CONCLUSION AND ORDER**

Plaintiff's complaint does not state a claim for relief under § 1983. The Court will grant an opportunity to file an amended complaint consistent with this order. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to state a claim that is plausible on its face." Id. at 1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on

curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his complaint filed October 23, 2013,
2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted,
3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

/////
/////
/////
/////
/////
/////
/////
/////

4. If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u> 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: November 12, 2013    /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

10